## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **CARMEN FINN** | **CIVIL ACTION NO:** |
| **vs.** | **4:23-cv-40038** |
| **MASSACHUSETTS INSTITUTE OF TECHNOLOGY LONG-TERM DISABILITY PLAN** | **APRIL 4, 2023** |

## COMPLAINT

COMES NOW, Plaintiff, Carmen Finn, and makes the following representation to the Court for the purpose of obtaining relief from Defendant's refusal to pay Long-Term Disability benefits due under an employee benefits plan and for Defendant's violation of the Employee Retirement Security Act of 1974 ("ERISA"):

## THE PARTIES

1. At all times hereinafter mentioned, Plaintiff Carmen, ("Plaintiff") was and still is a resident of the Town of North Grafton, Worcester County in the Commonwealth of Massachusetts.

2. Upon information and belief, at all times hereinafter mentioned, Defendant Massachusetts Institute of Technology Long-Term Disability Plan (hereinafter "the M.I.T. LTD Plan") is a welfare benefit plan, within the meaning of ERISA § 3(1), 29 U.S.C. § 1002(1), which is administered in the Commonwealth of Massachusetts.

## JURISDICTION AND VENUE

3.	Jurisdiction is founded on 28 U.S.C. §1331 because this action arises under 29 U.S.C. §1001 et. seq. (Employee Retirement Income Security Act of 1974, hereinafter "ERISA").

4.	Venue in the District of Massachusetts is appropriate because Plaintiff resides in the Central Division of this judicial district and Defendant resides and may be found in this judicial district.

5.	Pursuant to 28 U.S.C. §1391(a)(1) and §1391( c ), this action is properly venued in the District of Massachusetts.

## FACTS

6.	At all relevant times hereinafter mentioned, Plaintiff was an employee of the Massachusetts Institute of Technology ("M.I.T").

7.	At all relevant times hereinafter mentioned, Plaintiff worked as an Assistant Director for Administration for M.I.T.

8.	By virtue of her employment at M.I.T., Plaintiff was and is, at all times relevant herein, a participant in the M.I.T. LTD Plan.

9.	At all times mentioned herein, Plaintiff was and is an employee eligible for disability benefits under the M.I.T. LTD Plan.

10.	The M.I.T. LTD Plan provides, among other things, that disability benefit payments will be made to Plaintiff in the event that she becomes "totally disabled" "as a result of bodily injury or sickness, disease, or mental disorder".

11.	According to the M.I.T. LTD Plan:

> A covered employee will be considered totally disabled if the employee is

      prevented by bodily injury, sickness, disease, or mental disorder from engaging in the person's own occupation, except that after 24 months from the beginning of payment of benefits under this Plan, the person will be considered totally disabled only if the person is prevented by bodily injury, sickness, disease, or mental disorder from engaging in any occupation for which the person is reasonably fitted by education, training or experience…

12.    On July 19, 2021, during the period within which the M.I.T. LTD Plan was in full force and effect, and while Plaintiff was a covered employee, Plaintiff became totally disabled within the meaning and pursuant to the terms of the M.I.T. LTD Plan.

13.    Plaintiff's disability is caused by, among other things, a sequela of symptoms and complications related to pancreatic surgery.

14.    On December 1, 2021, Plaintiff filed an application for long-term disability benefits under the M.I.T. LTD Plan.

15.    By letter dated January 18, 2022, Plaintiff was informed that her application for long-term disability benefits had been denied.

16.    Plaintiff filed two administrative appeals contesting the denial of her application for long-term disability benefits.

17.    On March 23, 2023, Plaintiff received a final decision denying her long-term disability benefits.  This decision indicates that no further administrative appeals would be provided to Plaintiff.

18.    As of this date, Plaintiff continues to be disabled in that as a result of her medical conditions she is unable to perform her own occupation or any occupation.

19.    Plaintiff has exhausted all administrative appeals and remedies to the extent provided under the law.

20.    Plaintiff is entitled to a de novo review of her claim.

WHEREFORE, Plaintiff Carmen Finn prays that she may have a declaratory judgment herein declaring the rights and other legal relations of the parties hereto regarding the matters set forth in this Complaint specifying the following:

a) Plaintiff is totally disabled pursuant to the language and within the meaning of the M.I.T. LTD Plan in that she is unable to perform her own occupation.

b) Defendant is obligated to pay continuing benefits to Plaintiff pursuant to the M.I.T. LTD Plan and shall pay all benefits in arrears due and owing since the denial of benefits, plus interest;

c) Defendant's obligation to pay benefits to Plaintiff shall continue as long as she remains disabled, subject to the applicable benefit period in the M.I.T. LTD Plan;

d) Plaintiff shall be afforded appropriate equitable relief to redress Defendant's violation of the terms of the M.I.T. LTD Plan;

e) Pursuant to ERISA §502 et. seq., Plaintiff shall be entitled to recoup her attorney's fees, as well as all other costs and disbursements of this action;

f) Plaintiff may return to this Court, upon motion, to seek further declaratory relief in the event that it becomes necessary; and

g) Such other and further relief as the Court may deem just and proper.

PLAINTIFF

/S/ Tere Ramos
Tere Ramos

BBO#691017
Ramos Law, LLC
568 Washington St., Suite 30
Wellesley, MA 02482
Tel: (781) 999-1194
Fax: (617) 249-0761
tere@ramosdisability.com